UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HAZEL MARIE COWAN,

       Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 1:12-cv-186

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Hazel Marie Cowan, through counsel, filed this Social Security appeal in order to challenge the Defendant's finding that she was not disabled. *See* 42 U.S.C. §405(g). On April 22, 2013, the undersigned recommended that the Commissioner's non-disability decision be reversed and remanded under sentence four; that Report and Recommendation ("R&R") was adopted by the presiding district judge on May 22, 2013. On June 21, 2013, Plaintiff's counsel filed the instant motion seeking an award of fees under the Equal Access for Justice Act ("EAJA"). The Commissioner has filed a response in which he opposes only the amount of fees to be awarded, to which Plaintiff has filed a reply. For the following reasons, I recommend that Plaintiff's motion for fees be granted, but that the amount be reduced to the statutory rate of $125.00 per hour.

**I. Analysis**

**A. Plaintiff's Entitlement to an EAJA Award**

The Equal Access to Justice Act ("EAJA") provides one mechanism by which attorneys in Social Security cases may seek compensation for their work in federal

court. A plaintiff who succeeds in his or her judicial appeal by obtaining a remand for further review under sentence four of the Social Security Act is deemed to be a "prevailing party" under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 400 (1993). The EAJA provides for an award of fees and expenses to such a prevailing party, absent a showing by the Commissioner that its position was "substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C.§2412(d)(1)(A). In this case, the Commissioner does not contest the timeliness of Plaintiff's motion,[1] or that she is a "prevailing party" entitled to fees, or that the position of the United States in the underlying litigation was not "substantially justified." In short, the Commissioner concedes that the United States owes Plaintiff her fees and expenses under the EAJA.

### B. Calculating the Amount of the EAJA Award

Plaintiff's motion seeks an award totaling $4,741.33 in attorney fees, plus $550.00 in costs, comprised of the filing fee and *pro hac vice fee* for New York counsel. The amount of fees represents compensation for a total of 26.10 attorney hours.[2] Defendant does not oppose the number of hours claimed by counsel, which the undersigned finds to be reasonable.

The sole objection presented by Defendant is to counsel's hourly rate. Plaintiff seeks an award that reflects an hourly rate of $181.66. Plaintiff seeks the same rate of $181.66 for New York counsel, a relatively recent 2010 law school graduate, as she

---

[1] Defendant notes that the motion was prematurely filed in that it predated the expiration of the Commissioner's appeal time. However, considering that the Commissioner chose not to appeal, the government does not formally object to timeliness.
[2] Time records reflect that New York counsel logged 23.50 hours, while local counsel logged 2.6 hours.

2

does for local counsel, a 1996 graduate. The bulk of the work in this case was performed by New York counsel in the spring and summer of 2012.[3]

Under the EAJA, the amount of attorney fees "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). A plaintiff seeking a higher hourly rate bears the burden of producing appropriate evidence to support the requested increase. *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiffs must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Sixth Circuit has noted the Congressional choice not to apply cost of living increases in reenacting the EAJA, holding that "the statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of HHS*, 781 F.2d 545, 547 (6th Cir. 1986).

In this case, Plaintiff has submitted an Affirmation that the Consumer Price Index for the Midwest increased approximately 45% from March 1996, when the EAJA was enacted, to August 2012, when the bulk of services were completed in this case. However, *Bryant* teaches that the Consumer Price Index can be no more than an inexact guideline, in terms of the evidentiary proof submitted in support of a higher rate. In fact, this Court routinely continues to award the presumptive statutory rate of $125 in

---

[3]Despite being based in New York, several social security cases cited by counsel reflect that lead counsel frequently prosecutes social security appeals in this district. Plaintiff does not dispute that the average rates charged by counsel for similar cases in this district, as opposed to rates charged in other areas of the country, are controlling.

cases where a plaintiff relies solely on the CPI, as that index is inadequate as a matter of law to define eligibility to a specific higher rate. *See Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012); *see also Bushor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-320-MRB, 2011 WL 3438439 (S.D. Ohio, August 5, 2011)(adopting R&R and reducing fee to $125 under *Bryant* where plaintiff's counsel failed to submit more evidence than the Consumer Price Index).

Plaintiff acknowledges the holding of *Bryant*, but submits that counsel's New York firm's increase in litigation costs of approximately 75% since 1996 provides adequate additional evidence, besides the citation to the CPI, that counsel's fee should be increased in this case. A partner from the New York office has offered a declaration to that effect, which refers to the CPI "for the Washington DC, Virginia and Maryland areas." (Doc. 16-5 at 1, ¶4D), However, evidence that law firm litigation expenses in New York have increased a specific percentage is irrelevant to the issue at hand.

Somewhat more relevant, notwithstanding the reference to Columbus rather than Cincinnati, is Plaintiff's citation to a 2010 Ohio State Bar Association Survey of fees that reflects "a mean hourly rate of $238 per hour for the Greater *Columbus* area." (Doc. 17 at 4, emphasis added). In addition, Plaintiff relies upon several unpublished cases from this district in which the court awarded higher rates, ostensibly based on "the exact same evidence presented by present counsel." (*Id.*).

Having reviewed the cited cases, the undersigned cannot agree that the evidence presented was "the exact same" in all cases. While reflecting some intra-district inconsistency,[4] many of the cases include more evidence than that presented

---

[4] For example, without discussion of *Bryant*, U.S. District Court Judge Timothy Black has exercised

here, and/or reflect a lack of opposition to an increase in the statutory rate. *See, e.g., Sturgeon v. Com'r of Soc. Sec.*, 2009 WL 5194385 at *5 (S.D. Ohio Dec. 22, 2009)(approving rate of $170 based upon lack of defense objection, affidavit of counsel of his customary rate, and additional information regarding mean and median hourly rates charged by Cincinnati attorneys); *Orick v. Com'r of Soc. Sec.*, 1:10-cv-871(S.D. Ohio May 22, 2012)(Spiegel, J.)(approving fee award of $173 per hour for same counsel as appears in this case, but only after staying motion and requiring counsel to submit additional affidavit evidence of reasonableness of fee in accordance with *Zellner and Bryant*); *Wagner v. Com'r of Soc. Sec.*, No. 1:10-cv-784, 2012 WL 1224736 (S.D. Oho Apr., 11, 2012)(R&R by Magistrate Judge Litkovitz, citing lack of opposition by Defendant, approving $170 hourly rate for attorney with more than 10 years of experience who provided four exhibits in addition to CPI information concerning average local hourly rates in Cincinnati area), *adopted* 2012 WL 1656973 (S.D. Ohio May 10, 2012)(Dlott, J.).

The cases cited by Plaintiff notwithstanding, a growing body of post-*Bryant* case law reflects that plaintiffs who seek an EAJA award higher than the hourly rate prescribed by statute will be held to their burden of submitting proof that a higher rate is warranted. *See, e.g. Montgomery v. Astrue*, 2:11-cv-256, 2012 WL 2064473 (S.D. Ohio, June 7, 2012)(Merz, M.J.)(announcing agreement with recent body of case law requiring *sua sponte* review of compliance with *Bryant* when higher than statutory rate is claimed for EAJA fee award), *adopted* at 2012 WL 2412069 (June 26, 2012)(Rice, J.).

---

discretion to increase the statutory fee award based upon the Consumer Price Index. *See Winningham v. Com'r of Soc. Sec.*, No. 3:11-cv-415(S.D. Ohio Jan 29, 2013)(noting denial of "identical arguments from the Commissioner on multiple occasions, finding that a cost-of-living adjustment to the $125 hourly rate is appropriate.").

Nearly three decades ago the Supreme Court held, in evaluating a civil rights fee award under 42 U.S.C. §1988, that plaintiffs must "produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)(emphasis added).  The civil rights statute directs only that such rates be "reasonable."  Given that the EAJA mandates the very specific hourly rate of $125.00, litigants should be held to no lesser standard of proof when they seek a higher fee than the statute presumptively permits.  Thus, in order to obtain a higher rate for a social security appeal than that specified by statute, a Plaintiff must present "additional proof such as 'affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate.'"  *Zellner*, 2012 WI 273937 at *3 (announcing prospective rule of evidence required to meet *Bryant*).[5]

    Although Plaintiff's citation to the 2010 Ohio State Bar Association Survey provides more relevant information than does the CPI evidence alone, the state survey fails to provide any information concerning the "kind or quality of services rendered" that would support the rate claimed by Plaintiff here.  Social security cases are typically compensated at a lower rate than are other types of cases.  Likewise, historically, a younger attorney (such as counsel here, who had been admitted to the New Jersey bar for less than two years when he prosecuted this case), would be compensated at a lower rate than more experienced counsel.  *See, e.g., Crim v. Com'r of Soc. Sec.*, 1:11-

---

[5] Despite the Commissioner's citation to *Zellner*, and other recent case law that spells out precisely what is required, Plaintiff chose not to submit additional evidence with her reply memorandum.

cv-137 (R&R, Doc. 26, March 14, 2013)(Awarding $174 per hour to social security attorney with 20+ years of experience, based upon multiple affidavits of other social security practitioners in Cincinnati area.  Discussing the same 2010 Survey, the Court noted that it was "insufficient to establish the precise rate sought," in part because it reflected only broad ranges with no "adjustment for the slightly lower billing rates commonly charged in social security cases."), 2013 WL 3367337 (adopted over objections on July 5, 2013)(Dlott, J).

The undersigned has previously rejected motions seeking rates in excess of $125 per hour where counsel failed to submit particularized evidence, such as "results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice." *Scales v. Astrue*, No. 1:10-cv-267, Doc. 36, R&R adopted at 2013 WL 2423995 at *5 (S.D. Ohio, June 3, 2013)(adopted by Dlott, J., quoting *Zellner, supra*).  In *Scales*, the undersigned explained that "[a] mere reference to increased fees awarded in prior cases, or argument that an increase should be based on increased cost of living, is insufficient to warrant an increase beyond the statutory maximum attorney fee rate." *Id*.

Because there is no presumptive cost-of-living increase, awards at the statutory EAJA level of $125 per hour continue to be commonly awarded by this Court.  *See e.g., generally Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594 ($2725, for 19 hours at $125 per hour); *Major v. Com'r of Soc. Sec.*, Case No. 1:10-cv-530 ($4320, for 32 hours at $125 per hour); *Sutton v. Com'r of Soc. Sec.*, Case No. 1:10-cv-937 ($3562, for 28.5 hours at $125 per hour, reduced from original claim in excess of $10,000); *Wallace v. Com'r of Soc. Sec.*, Case No. 1:09-cv-382 ($3343, for 26.75 hours at $125 per hour);

7

*Chappel v. Com'r of Soc. Sec.*, Case No. 1:09-cv-865 ($2375, for 19 hours at $125 per hour); *Bushor v. Com'r of Soc. Sec.*, Case No. 1:09-cv-320 ($2343, for 18.75 hours at $125 per hour); *Smith v. Com'r of Soc. Sec.*, 1:11-cv-778 (awarding $2,780.25 representing 22.2 hours at $125 per hour)(R&R adopted by Dlott, J. on April 12, 2013).

### C. Fee Award to Plaintiff, not Counsel

Although Plaintiff has submitted evidence of the assignment of any fee award to her attorney, this Court is without information concerning whether Plaintiff owes a debt to the United States. The undersigned is persuaded by the decisions of a growing consensus of courts within the Sixth Circuit that "[u]nder *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Oliver v. Com'r of Soc. Sec.*, 916 F.Supp.2d 834 (S. D. Ohio 2013)(collecting cases and quoting *Cornell v. Com'r of Soc. Sec.*, 2:11-cv-97, 2012 U.S. Dist. LEXIS 6115, at *6-7 (S.D. Ohio May 2, 2012)); *accord Crim v. Com'r of Soc. Sec.,* 2013 WL 3367337 (Dlott, J., adopting same approach over Objections); *see also Cox v. Astrue*, 927 F. Supp.2d 659 (E.D. Ky.2013)(holding that under *Astrue v. Ratliff*, fees should be paid to litigants regardless of whether the Commissioner shows that the plaintiff owes a federal debt or not).

The issue of Plaintiff's assignment is a matter of contract law not presented as a dispute before this Court. The fee award neither bars the United States from honoring a valid assignment, nor prevents it from disputing it. Although language in prior R&Rs has suggested that the United States "may" pay the fee directly to counsel once it confirms that no debt is owed, even that language exceeds the scope of the dispute before this Court and may improperly suggest an opinion about an unconsidered issue. *See e.g.*

*Cox,* 917 F. Supp.2d at 662 (suggesting that "any assignment of an EAJA award that predates the actual award of fees is void" under the Anti-Assignment Act, additional citations omitted).

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED** that Plaintiff's motion for attorney's fees and costs (Doc. 16) be **GRANTED IN PART**.  Plaintiff should be awarded the sum of $3812.50, representing 26.10 hours of attorney time at the statutory rate of $125.00 per hour totaling $3262.50, plus $550.00 in filing fee and *pro hac vice* admission costs.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| HAZEL MARIE COWAN, | Case No. 1:12-cv-186 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10